UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J.B., a minor, A.B., a minor, and EDWIN BUSH, in his individual capacity as father and next friend for J.B. and A.B., | )<br>)<br>) |
| Plaintiffs, | ) Case No. 19-cv-4065<br>)<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| TIFFANY WOODWARD, Illinois Department of Children and Family Services, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM ORDER AND OPINION**

Pro se plaintiff Edwin Bush, on behalf of himself and his minor children, filed a three-count complaint seeking injunctive, declaratory, and compensatory relief against certain employees of the Illinois Department of Children and Family Services ("DCFS"). In his complaint, Bush alleges that defendants violated plaintiffs' procedural and substantive due process rights in the context of his divorce and custody proceedings in state court. Bush also challenges the constitutionality of Illinois' Marriage and Dissolution Act, specifically, 750 ILCS 607.6(d). Before the Court is defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons discussed below, the Court grants defendants' Rule 12(b)(1) motion. Civil case terminated.

**Background**

Bush and his wife Erika Bush have a pending petition for dissolution of marriage and custody proceedings in the Circuit Court of Cook County, Illinois, Domestic Relations Division. In this context, Bush alleges that DCFS provided false and prejudicial statements to the trial court concerning his alleged abuse of his son, which resulted in the trial judge directing Bush and his son to attend a counseling session in December 2018. Bush alleges that during this counseling session,

his son rebutted the false statements made by DCFS, which established that the investigation into his alleged misconduct was unfounded.

**Legal Standard**

A Rule 12(b)(1) motion to dismiss challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including Article III standing. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). When evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Lardas v. Grcic*, 847 F.3d 561, 565 (7th Cir. 2017). Although courts normally review pro se filings liberally, when a pro se litigant is a license attorney, like Edwin Bush, they "are not entitled to the flexible treatment granted other pro se litigants." *Cole v. Commissioner of Internal Revenue*, 637 F.3d 767, 773 (7th Cir. 2011).

**Discussion**

*Constitutional Challenge to Illinois' Marriage and Dissolution Act*

In Count I of the complaint, Bush brings a constitutional challenge to 750 ILCS 5/607.6(d) against Marc D. Smith, the acting director of DCFS, in his official capacity, seeking declaratory and injunctive relief. Bush argues that the statute, which concerns counseling in the context of the allocation of parental responsibilities, violates the First Amendment because it bars all communications made in counseling from being used "in any manner in litigation []or relied upon by any expert appointed by the court or retained by any party." 750 ILCS § 5/607.6(d). He further asserts that he has suffered an injury as a result of this unconstitutional statute because he cannot introduce his son's statement to rebut DCFS's false statements that he abused his son in the pending custody and divorce dispute.

When a plaintiff sues a state official to enjoin the enforcement of a state statute, questions of

standing and Eleventh Amendment immunity arise. *Doe v. Holcomb*, 883 F.3d 971, 975 (7th Cir. 2018). To establish Article III standing, Bush must show that he suffered a concrete and particularized injury-in-fact that is fairly traceable to defendant's conduct and redressable by a favorable decision. *Lavallee v. Med-1 Solutions*, LLC, 932 F.3d 1049, 1052 (7th Cir. 2019). Because Bush is bringing his claim against a state official in his official capacity, the Eleventh Amendment would normally bar his lawsuit. *de Lima Silva v. Department of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). "A plaintiff can avoid this bar, however, by naming a state official who has 'some connection with the enforcement' of an allegedly unconstitutional state statute for the purpose of enjoining that enforcement." *Doe v. Holcomb*, 883 F.3d 971, 975 (7th Cir. 2018) (quoting *Ex parte Young*, 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). The Seventh Circuit explains how standing and *Ex parte Young* interface under the circumstances:

> [W]here a plaintiff sues a state official to enjoin the enforcement of a state statute, the requirements of *Ex parte Young* overlap significantly with the last two standing requirements—causation and redressability. That is, a plaintiff must show that the named state official plays some role in enforcing the statute in order to avoid the Eleventh Amendment. But, in order to satisfy the requirements of causation and redressability, he must also establish that his injury is causally connected to that enforcement and that enjoining the enforcement is likely to redress his injury.

*Holcomb*, 883 F.3d at 975–76.

Here, Bush has not established that his injury-in-fact is traceable to DCFS's acting director's conduct. In particular, Bush fails to address whether defendant Smith played some role in enforcing § 5/607.6(d). Instead, he asserts that all of the defendants, as agents of DCFS, caused false statements to be presented to the judge in his pending divorce and custody proceedings. These allegations fail to sufficiently allege standing because they do not satisfy the requirement that Smith played some role in enforcing or implementing the statute. Because Bush has failed in his burden of establishing standing, the Court grants defendants' motion to dismiss Count I.

Moreover, even if Bush could establish Article III standing to challenge the constitutionality

3

of § 5/607.6(d), the Court declines to exercise jurisdiction over Bush's constitutional challenge under the *Younger* abstention doctrine. *See Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) ("federal courts are required by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."). Although "*Younger* concerned a criminal defendant's attempt to obtain federal intervention in a pending prosecution," it "has since been extended to civil litigation brought by the state to vindicate its policies" which is "an apt description of child-welfare and child-custody proceedings." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018); *see also Moore v. Sims*, 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("Family relations are a traditional area of state concern."). In short, the Court abstains from exercising its subject matter jurisdiction over Bush's constitutional challenge to the Illinois' Marriage and Dissolution Act due to his pending divorce and custody dispute in state court.

*Substantive and Procedural Due Process Claims*

In Counts II and III of the complaint, Bush brings both substantive and procedural due process claims under the Fourteenth Amendment based on his and his children's liberty interest in familial association. To give context, in October 2018, the minor plaintiffs' physician called DCFS Child Abuse and Neglect Hotline to report that Bush had choked his son J.B. while they were on vacation. Thereafter, DCFS interviewed J.B., his mother Erika Bush, and Bush himself. On October 10, 2018, Ericka Bush filed an Emergency Order of Protection on behalf of the couple's children against Bush. Defendant Woodward, a DCFS investigator, testified at the protection hearing that the DCFS investigation was unfounded. The trial judge then denied the order of protection on November 20, 2018. Nevertheless, the judge conditioned Bush's parenting time on his attending anger management treatment and counseling.

Again, the *Younger* abstention doctrine bars the Court from exercising subject matter

4

jurisdiction over Bush's constitutional due process claims because they relate to the pending divorce and custody proceedings. *Younger* abstention is appropriate where "there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). Because all of these considerations exist here, the Court cannot exercise subject matter jurisdiction over Bush's allegations which overlap with the ongoing divorce and custody proceedings in state court. The Court grants defendants' Rule 12(b)(1) motion to dismiss Counts II and III.

**Conclusion**

Based on the foregoing, the Court grants defendants' motion to dismiss based on the Court's lack of subject matter jurisdiction. [23]. The Court denies plaintiffs' motion for a preliminary injunction as moot. [18]. Civil case terminated.

IT IS SO ORDERED.

Date: 1/14/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge